UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20269-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR DARIO MUNOZ-LOPERA,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION REQUESTING FAST-TRACK CONSIDERATION**

This matter is before the Court on Defendant Oscar Dario Munoz-Lopera's Motion Requesting Fast-Track Consideration Pursuant to Pub. L. No. 108-21 § 401(m)(2)(B), 117 Stat. 650, 675 (2003). [D.E. 39].[1] Having carefully considered Defendant's motion and the court docket in this case, and being fully advised in the premises, the Court recommends that Defendant's motion for a sentence reduction be Denied because the Court lacks jurisdiction to reduce his sentence pursuant to the Florida Illegal Reentry Fast-Track Program that was recently implemented by the United States Attorney's Office for this district.

As Defendant's direct appeal became final in 2003 [D.E. 32], the only ways in which he may attack his sentence at this point are (1) through a constitutional

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore. [D.E. 40].

challenge pursuant to 28 U.S.C. § 2255 (we note a § 2255 motion was denied in 2007 [D.E. 34]), or (2) through a motion for habeas corpus pursuant to 28 U.S.C. § 2241, neither of which has been raised here. Alternatively, Defendant could seek a sentence reduction pursuant to 18 U.S.C. § 3582 if there were a retroactive amendment to the sentencing guidelines that lowered his sentencing range, but this avenue of relief does not exist for him. Defendant mentions the disparity in sentencing between those who received a downward departure as a result of the fast-track program and those who did not, but the inconsistent application of the program does not constitute an "unwarranted" disparity within the scope of 18 U.S.C. § 3553(a)(6). Because no statutory provision or Federal Rule of Criminal Procedure authorizes the Court to reduce Defendant's sentence, his motion should be denied. *See e.g., United States v. Barasena-Brito*, 374 Fed. Appx. 951, 951-52 (11th Cir. 2010); *United States v. Gomez*, 358 Fed. Appx. 53, 54 (11th Cir. 2009); *United States v. Piragauta*, No. 07-20733-CR, 2010 WL 149823, at *2 (S.D. Fla. Jan. 13, 2010).

Even if the Court did have jurisdiction to reduce Defendant's sentence, his motion should be denied on the merits. The illegal retry fast-track program in this district contemplates a possible downward departure sentence for certain eligible defendants who have yet to be sentenced, not those like Defendant whose sentences became final long ago. Moreover, the Court cannot reduce Defendant's sentence pursuant to the fast-track program unless the government first exercises its discretion to move for a downward departure. Section 5K3.1 of the U.S. Sentencing Guidelines provides that a court may depart downward pursuant to an early disposition program

"[u]pon motion of the Government." No such motion has been filed in Defendant's case, thus the Court lacks the authority to depart downward. *See, e.g., Renteria v. United States*, No. 8:12-cv-170-T-30TGW, 2012 WL 601158, at *2 n.4 (M.D. Fla. Feb. 23, 2012); *United States v. Piragauta*, 2010 WL 149823, at *2.

Based on the foregoing, the undersigned Magistrate Judge does hereby **RECOMMEND** that Defendant Oscar Dario Munoz-Lopera's Motion Requesting Fast-Track Consideration Pursuant to Pub. L. No. 108-21 § 401(m)(2)(B), 117 Stat. 650, 675 (2003) [**D.E. 39**] be **DENIED.**

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of March, 2012.

                                        /s/ *Edwin G. Torres*
                                        EDWIN G. TORRES
                                        United States Magistrate Judge